The next case is on Re. John Francis Vivenzio. Good morning, may it please the court, my name is John Vivenzio. I'm the appellant, docket number 22944. This case originates in the Eastern District of New York on appeal from a bankruptcy court for a Chapter 13 case. Appeal concerns an issue with a hearing that was held outside statutory requirements for notice, where the service of the notice was also improper, and where there was, because of the court's rushed time frame on the hearing, little time to prepare, and we were just emerging from a pandemic at that point. Main issue being determined was that whether the court can avoid determining the value of a claim when the issue is properly joined and not yet heard. Valuing the claims is critical to the orderly discharge of the duties of the court in reaching a favorable and proper outcome for all involved in the bankruptcy case. The hearing in question was scheduled because of the prompting of the trustee's filing of a certificate of compliance pertaining to the debtors properly complying with the court's instruction to pay a trustee a sum of $17,500, which was done. At the subsequent hearing was to be discussed the appellant's objection to claim, which was made pursuant to 11 U.S.C. 502 A and B, which uses the language, if such an objection is made, the court shall determine the amount of the claim and the date of the filing of the petition. With regard to determining the claims to be paid in the plan, 11 U.S.C. 1325 says that the court shall confirm a plan if each allowed unsecure claim and each allowed secure claim is provided for. Within the language, there doesn't seem to be any permissible leeway in the statute as to what the court should do, and these are mandatory actions that the bankruptcy proceeding should be required to determine. Here, not only was the hearing and the dismissal order based on an erroneously scheduled motion, which was being held without required statutory notice, during the hearing the court overruled every reasonable objection made by the appellant, even though the conclusions reached by the court were unsustainable both by the process used by the court and the misapprehension of facts upon which they were based. The case was simply an instance of putting the cart before the horse, and that's what brings us here today. Thank you for the opportunity to address the court, and I'll be glad to answer any questions. Can I just ask if you requested an adjournment from the bankruptcy court? I did. And did you request it on the ground that you needed more time to prepare? Yes, in writing and also in the hearing. And as I understand it, one of the claims made in the papers is that you didn't offer any evidence of feasibility. Did you want to address that this morning? Absolutely. So the issue was the plan itself described the steps that were made in the valuing of the application. But the problem is if the court doesn't determine the value of the claims made by an unscheduled creditor, the creditor wasn't even on the schedule. They came in and they made like a $700,000 claim. I was assuming that the trustee was going to object to the claim because there's no basis for it, and they never did. So I objected to the claim. And still, this goes on from August of the year prior. There was a hearing where the other party didn't even show up. On August 13th hearing, they didn't even show up. And then the court said, well, we'll adjourn the hearing. And then they filed an untimely filing after the notice of presentment, which the claim should have already been determined. That was carried over to a hearing all the way through two other hearings. And then finally, the August 17 hearing, which the court just said, look, we're going to dismiss the case because- I just want to go back to Jim's first question, your answer to that. Where in the record did you object to the discussion of the trustee's motion to dismiss, either in your written objections before that hearing or at the hearing itself? I don't know if you have that. In many places. Where you said to the bankruptcy judge, I object to you addressing or discussing the trustee's motion to dismiss. So the funny part was, the way that they scheduled the hearing, first of all, it was on a Zoom call. So it was very difficult to discuss the hearing. And it came to a point where we were going to discuss the objection to claim. And the judge just abruptly said, okay, let me see if I can get you a ruling. And I was like, okay, well, how did we get here? And then he comes back and dismisses the case. Even though it was on Zoom, where did you then say, I object to you addressing this? Well, I objected to it on the grounds that it wasn't actually a motion. The motion that they're referring to is from April 19th. The April 19th motion was joined by opposition on April 29th. So I didn't even realize that that motion was part of the case that they brought before the court at that time. It didn't make any sense. Because not only were there three or four subsequent hearings to that. I understand, but where did you say, I object to this? Where did you say that? Well, I didn't have a chance to because he just cut it off. And then in a motion to reconsider, I objected to it. And I objected to it in subsequent papers. All right, thank you. We have your papers. Thank you for coming in. Thank you. That's the last case to be argued this morning. So I'll ask the clerk to adjourn court. Court is adjourned.